

**Office of the New York State Attorney General**

**Letitia James Attorney General**

August 7, 2025

**BY ECF**
The Honorable Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    <u>Gelman et al. v. Guinn</u>
                  1:25-cv-04948 (ALC)

Dear Judge Carter:

       This Office represents defendant Barbara C. Guinn ("Defendant"), in her official capacity as Commissioner of the New York State Office of Temporary and Disability Assistance ("OTDA") in the above-referenced action. Pursuant to Rule 2(A) of Your Honor's Individual Practices, Defendant writes to respectfully request a pre-motion conference regarding her anticipated motion to dismiss the Complaint, ECF No. 1 ("Compl."). Defendant seeks dismissal pursuant to Federal Rules of Civil Procedure ("FRCP") Rules 12(b)(1) and 12(b)(6) on the following grounds: (1) Plaintiffs lack standing; (2) the federal statutes cited by Plaintiffs do not confer a private right of action; (3) failure to state a plausible claim; and (4) Eleventh Amendment immunity.

**A.**    **Background**

       Plaintiffs challenge the issuance of electronic benefit transfer ("EBT") cards that rely on storage of cardholder data on magnetic strips to distribute Supplemental Nutrition Assistance Program ("SNAP") funds. Compl. ¶¶ 1-4. Plaintiffs allege that these EBT cards are more susceptible to theft than chip-enabled or "tap-to-pay" cards. *Id*. Specifically, Plaintiffs allege that they (and, in the case of organizational Plaintiff La Red de Pueblos Transnacionales ("La Red"), its members) have had SNAP funds stolen through a practice called "skimming," by which perpetrators use hidden card-reading devices at point-of-sale terminals to illegally capture the data stored on the magnetic strips of EBT cards. *Id*. ¶¶ 2-4, 7-8. With one exception, Plaintiffs allege that their SNAP benefits were replaced at least in part. Compl. ¶¶ 56, 63, 75, 78, 87, 94, 105. Plaintiffs seek declaratory and injunctive relief "commanding Defendant to convert EBT cards to chip technology as soon as practicable" and to establish a process for replacement of SNAP benefits lost to skimming prior to this conversion. *Id*. at 31.

Plaintiffs bring claims under 42 U.S.C. § 1983 for alleged violations of four provisions of the Food and Nutrition Act of 2008 (hereinafter referred to as the "SNAP Act"), *see* Compl. ¶¶ 121-28 (citing 7 U.S.C. §§ 2020(e)(2)(B)(i)); 2014(a); 2016(h)(2)(A); 2016(h)(2)(C)(i)), and a supplemental state-law claim under 18 N.Y.C.R.R. § 387.2(p). *Id.* ¶¶ 129-30.

**B.   Plaintiffs Lack Standing**

The Complaint should be dismissed because Plaintiffs fail to establish individual or organizational standing. Plaintiffs only seek injunctive relief,[1] Compl. at 31, but they fail to plead any "real and immediate threat" of future injury. *See City of L.A. v. Lyons*, 461 U.S. 95, 105 (1983); *see also, e.g.*, Compl. ¶ 75 ("Adams . . . fears that his benefits may be stolen again"). Additionally, the line of causation flowing from the alleged acts of skimming by third parties is both too speculative and too attenuated for those acts to be fairly traceable to Defendant, *see Food & Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367, 383 (2024) ("*AHM*"), as they are "attributable to the independent acts of some other person not before the court." *Chevron Corp. v. Donziger*, 833 F.3d 74, 121 (2d Cir. 2016) (cleaned up). Moreover, La Red has not shown that its members are injured by Defendant's alleged actions or that it has incurred any injury to itself. *See* Compl. ¶¶ 52-106 (individual Plaintiffs are not La Red members), 107-20 (no impact to La Red's core activities). Resource diversion is insufficient to confer standing against Defendant. *AHM*, 602 U.S. at 395.[2]

**C.   The SNAP Act Does Not Confer a Private Cause of Action Pursuant to § 1983**

Plaintiffs allege the SNAP Act provisions relied upon are "made enforceable by 42 U.S.C. § 1983." Compl. ¶¶ 121-28. But the Supreme Court's recent decision in *Medina v. Planned Parenthood S. Atlantic*, 606 U.S. ___, 145 S. Ct. 2219 (June 26, 2025), forecloses Plaintiffs' right to privately enforce these provisions. *Medina* reaffirmed that federal statutes "create individual rights only in atypical cases," and that statutes enacted pursuant to the Spending Clause "are especially unlikely" to confer enforceable rights. *Id.* at 2228, 2230 (cleaned up). Thus, to privately enforce a federal statute under § 1983, a plaintiff is "required to show that the law in question clearly and unambiguously uses rights-creating terms," and "the statute must display an unmistakable focus on individuals like the plaintiff." *Id.* at 2229 (cleaned up).

Plaintiffs fall well short of demonstrating that the four provisions of the SNAP Act they rely upon satisfy *Medina*'s exacting standard. The reference to "timely, accurate, and fair service" in 7 U.S.C. § 2020(e)(2)(B)(i), as part of the State's "plan of operation," no more clearly establishes a right of action than the statutory provision in *Medina* stating that "any individual eligible for [Medicaid]" may obtain services from a qualified provider. 42 U.S.C. § 1396(a)(23)(A). Moreover, § 2014(a) merely states in general terms that "[a]ssistance under this [SNAP] program shall be furnished to all eligible households who make application for such participation." Finally,

---

[1] Plaintiffs appear to recognize that any damages claims would be barred by sovereign immunity.

[2] As neither the Secretary of Agriculture nor any federal law has required states to implement additional technology to secure EBT cards, Plaintiffs' claims are unripe for review, in addition to being deficient on the merits. *See United States v. Traficante*, 966 F.3d 99, 106 (2d. Cir. 2020) ("we have long recognized that a claim is not ripe if it depends upon contingent future events that may not occur as anticipated, or indeed may not occur at all"), *cert. denied*, 141 S. Ct. 2634 (2021).

§ 2016(h)(2)(a) states that the Secretary of Agriculture's regulations pertaining to the EBT system should factor the "privacy, ease of use, and access to and service in retail food stores," as well as "measures to maximize the security of a system using the most recent technology available that the State agency considers appropriate and cost effective" under § 2016(h)(2)(C)(i). None of these provisions clearly and unambiguously create any privately enforceable rights. *See also Nw. Ill. Area Agency on Aging v. Basta*, No. 23-cv-2788, 2025 WL 2057615, at *11-12 (7th Cir. July 23, 2025).

**D.      Plaintiffs Fail to State a Plausible Claim**

The Complaint fails to plausibly allege that Plaintiffs were deprived of any "rights, privileges, or immunities secured by the Constitution or laws of the United States" in violation of § 1983. *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). The SNAP Act provisions cited in the Complaint do not create any statutory obligation for Defendant to deliver SNAP benefits via chip technology or any other specific mechanism. *See* 7 U.S.C. §§ 2020(e)(2)(B)(i) (regarding "timely, accurate, and fair service" to SNAP applicants and participants), 2014(a) (regarding furnishment of SNAP benefits to all eligible households who apply), 2016(h)(2)(A) and (C)(i) (regarding the Secretary of Agriculture's regulatory obligations to establish standards for the approval of an EBT system). Nor does the Secretary of Agriculture's November 18, 2024, letter "urging" states to switch to chip cards (Compl. ¶¶ 45-46) somehow establish a statutory obligation under the SNAP Act.

**E.      Plaintiffs' Claims Are Barred by Eleventh Amendment Immunity**

Plaintiffs cannot rely upon the exception to Eleventh Amendment immunity set forth in *Ex parte Young*, 208 U.S. 123 (1908), to proceed with their claims under the SNAP Act because, as noted above, they lack a private right of action. *Gingras v. Think Fin., Inc.,* 922 F.3d 112, 124 (2d. Cir. 2019) ("*Ex parte Young* suits are available for alleged violations of federal law" only if "the federal law under which a plaintiff seeks the injunction . . . provide[s] the plaintiff with a private right of action."), *cert. denied*, 140 S. Ct. 856 (2020). Additionally, Plaintiffs' state law claim under 18 N.Y.C.R.R. § 387.2(p) is barred under the Eleventh Amendment.[3] *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984) ("[I]t is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law.").

Defendant thanks the Court for its consideration of this request.

Respectfully submitted,

/s
Yuval Rubinstein
Ihaab Syed
Assistant Attorneys General
Yuval.Rubinstein@ag.ny.gov
Ihaab.Syed@ag.ny.gov

---

[3] Plaintiffs do not make a failure to supervise argument, but in any event, such a claim would also fail. *See Reynolds v. Guiliani*, 506 F.3d 183, 193-97 (2d. Cir. 2007).

Attorneys for Defendant

cc: Counsel of Record (by ECF)