# LEGAL SERVICES NYC | BRONX

MEMO ENDORSED

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: __1/6/2026__

September 9, 2025

**BY ECF AND ELECTRONIC MAIL**
The Honorable Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

> Re:  *Gelman et al. v. Guinn*
>      25-cv-04948 (ALC)
>      Towaki Komatsu's request for leave to move to intervene

Dear Judge Carter,

Plaintiffs submit this letter to oppose the request by Towaki Komatsu for permission to move to intervene in this action dated August 30, 2025, and posted to ECF on September 4, 2025. The request should be denied because Mr. Komatsu does not meet the standard either for intervention as of right or for permissive intervention under Fed. R. Civ. P. 24.

A court must allow "an individual to intervene as of right when he 'claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect [his] interest, unless existing parties adequately represent that interest.'" *Extenet Sys., LLC v. Vill. of Kings Point*, 2023 WL 4044076, at *1 (2d Cir. June 16, 2023) (quoting Fed. R. Civ. P. 24(a)). Here, Mr. Komatsu's principal claim appears to be against the New York City Human Resources Administration ("HRA") and an employee of HRA. HRA is not a party to this action and therefore this action cannot impair or impede Mr. Komatsu's interests vis-à-vis HRA. To the extent Mr. Komatsu may also have interests related to plaintiffs' claims that the New York State Office of Temporary and Disability Assistance's reliance on an inadequate Electronic Benefits Transfer ("EBT") system to transmit Supplemental Nutrition Assistance Program ("SNAP") benefits violates the rights of SNAP recipients, plaintiffs will adequately represent those interests without Mr. Komatsu's participation in the litigation.

In considering whether permissive intervention should be granted, a court looks to whether a party "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "The court also considers factors such as the nature and extent of the intervenors' interests, whether their interests are adequately represented by the other

**Demand Justice.**

**Bronx Legal Services** | 349 East 149th Street, 10th Floor, Bronx, NY 10451
Phone: 718-928-3700 | Fax: 718-292-2857 | www.LegalServicesNYC.org
**Maribel Martinez-Gunter,** Interim Project Director | **Evette Soto-Maldonado,** Board Chair



LSC | America's Partner for Equal Justice

LEGAL SERVICES CORPORATION

Hon. Andrew L. Carter, Jr.
September 9, 2025
Page 2

parties, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *Extenet Sys., LLC v. Vill. of Kings Point*, 21-cv-5772 (KAM), 2022 WL 1749200, at *11 (E.D.N.Y. May 31, 2022) (citing *ExteNet Sys. Inc. v. Vill. of Lake Success*, 19-cv-3471 (LDH) (JO), 2020 WL 1862948, at *4 (E.D.N.Y. Feb. 21, 2020), *report and recommendation adopted*, (E.D.N.Y. Mar. 30, 2020)). Here, as noted above, any interests Mr. Komatsu may have regarding the defendant's EBT system will be adequately represented by the plaintiffs in this case without his presence. He would not "significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *Id.*

For these reasons, the Court should deny Mr. Komatsu's request for permission to move to intervene is this action.

Sincerely,

Christopher D. Lamb

Cc: Defendant's counsel

Having considered non-party Towaki Komatsu's request for leave to file a motion to intervene (Dkt. No. 18), and Plaintiffs' letter in opposition thereto (Dkt. No. 19), the Court hereby **DENIES** Komatsu's request. For the reasons outlined by Plaintiffs above, the Court finds that nothing submitted by Komatsu suggests that he could meet the standard for intervention as of right or permissive intervention. Therefore, any such motion by Komatsu would be futile, and on that basis is denied. The Clerk of Court is respectfully directed to terminate the pending motion at Dkt. No. 18.

SO ORDERED:

HON. ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE

January 6, 2026